FILED
SUPERIOR COURT
OF GUAM

2026 MAY -8 PM 2: 57

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| BRYAN P. REYES,<br><br>               Plaintiff,<br><br>vs.<br><br>SAMANTHA J. PRESTO,<br><br>               Defendant. | Domestic Case No. DM0290-24<br><br>**DECISION AND ORDER**<br>**RE: UCCJEA INCONVENIENT FORUM**<br>**ANALYSIS** |

### INTRODUCTION

This matter came before the Honorable John C. Terlaje on February 12, 2026, after parties had an opportunity to brief the Court on the Inconvenient Forum Analysis factors. Attorney Daron Berman represented the Plaintiff, Bryan P. Reyes. The Defendant, Samantha J. Presto, did not file anything with the Court, though she did appear before the Court. After reviewing the record and the relevant law, the Court **ACCEPTS** jurisdiction in this matter under the Uniform Child-Custody Jurisdiction and Enforcement Act ("UCCJEA").

### PROCEEDURAL BACKGROUND

Reyes filed his Verified Complaint for Child Custody on August 2, 2024. He then filed an *Ex Parte* Motion for *Pendente Lite* Custody on August 2, 2024, which the Court granted on August 12, 2024. Reyes filed an order for service by Publication on August 28, 2024, which the Court granted on October 15, 2024. On December 17, 2025, the Court ordered the parties to brief

the Court on the UCCJEA Inconvenient Forum factors. Order at 2 (Dec. 17, 2025). Reyes filed his brief on January 7, 2026. Presto failed to file a brief that the Court could accept.

Presto's attorney in Nevada, Julio Vigoreaux, filed a brief on Presto's behalf. Vigoreaux is not authorized to practice law on Guam per 7 G.C.A. § 9A106. The Court declines to consider this brief because Vigoreaux cannot represent Presto in this matter on Guam. Additionally, despite multiple attempts to contact the Nevada court, there has been no additional information provided by the Nevada court.

## FACTUAL BACKGROUND

Reyes seeks a custody order for his four children with Presto. The parties have the following children together: S. R., age 17; B. R., age 14; S. R., age 10; and B. R., age 8. Verified Compl. for Child Custody ("Compl.") at 1–2 (Aug. 2, 2024). All four children were born on Guam. Pl.'s Brief Re: Inconvenient Forum Analysis ("Pl.'s Brief") at 3 (Jan. 7, 2026). Reyes claims that in July of 2022, all the children moved from Guam to Nevada with Presto. Compl. at 2. In September of 2022, the parties agreed that B.R., aged 14, and B.R., aged 8, would return to live with Reyes in Guam. *Id.* In October 2022, the two children moved back to Guam from Nevada. *Id.* In July of 2024, Reyes allowed the two children to visit with Presto while Presto was on Guam. *Id.* During that visit, Reyes claimed that Presto, against Reyes' wishes, took both children to Nevada. *Id.* At some point in 2024, Presto filed a custody suit in Nevada. Status Hr'g at 9:15:59 AM (Dec. 10, 2024).

Reyes is gainfully employed as a butcher at Payless Supermarkets. Pl.'s Brief at 2. It is unknown how Presto is employed. *Id.*

## DISCUSSION

Reyes argues that Guam is the better forum for this custody case because the UCCJEA's inconvenient forum factors weigh in Guam's favor. *Id.* Reyes's argument mainly rests on the fact that this case began when Guam was the only court that held jurisdiction over the children. *Id.* at 3–4. Additionally, the children have been in Nevada for approximately 21 months because Presto removed the children to Nevada without Reyes's permission. *Id.* at 4. Reyes also points to the fact that temporary jurisdiction is not meant to be permanent, so even if Nevada had emergency temporary jurisdiction, Guam should retain jurisdiction. *Id.* at 5.

Under the UCCJEA, the Superior Court of Guam has jurisdiction over a child custody case when "Guam. . . was the home State of the child within six (6) months before the commencement of the proceeding and the child is absent from Guam but a parent. . . continues to live in Guam. . . ." 7 G.C.A. § 39201(1). However, the Court "may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum. . . and a court of another State is a more appropriate forum." 7 G.C.A. § 39207(a); *Koji v. Neves*, 2016 Guam 36 ¶ 34. "The issue of inconvenient forum may be raised upon. . . the court's own motion, or request of another court." 7 G.C.A. § 39207(a); *Koji*, 2016 Guam 36 ¶ 34.

However, before the Court may decide that Guam is an inconvenient forum, the Court must "allow the parties to submit information" on whether Guam is an inconvenient forum. 7 G.C.A. § 39207(b). The UCCJEA states several factors the Court must consider, including:

> (1) whether domestic violence has occurred and is likely to continue in the future and which State could best protect the parties and the child;
> (2) the length of time the child has resided outside Guam;
> (3) the distance between the court in Guam and the court in the State that would assume jurisdiction;

(4) the relative financial circumstances of the parties;

(5) any agreement of the parties as to which State should assume jurisdiction;

(6) the nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

(7) the ability of the court of each State to decide the issue expeditiously and the procedures necessary to present the evidence; and

(8) the familiarity of the court of each State with the facts and issues in the pending litigation.

*Id.*

Here, there is no sufficient reason to remove the jurisdiction from Guam. Before Presto violated the custody order by taking the children to Nevada without permission from Reyes, two of the children were domiciled on Guam for two years and all of the children were born on Guam. Presto has appeared in Court twice since Reyes filed this case in 2024. Presto has not presented any evidence nor explained her absence from the Court. Presto has not given the court any understanding of why she violated the custody order by taking the children to Nevada. Presto should not now benefit from her unlawful action of removing the children from Guam without Reyes's consent. Reyes is gainfully employed in Guam. The children have spent most of their lives on Guam. Therefore, Guam is the convenient forum in this case.

## CONCLUSION

Therefore, the Court **ACCEPTS** jurisdiction in this matter.

**SO ORDERED**, this ___5|8|26___ .

_____
**HONORABLE JOHN C. TERLAJE**
**Judge, Superior Court of Guam**

Page 4 of 4